UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O&B, INC.,

    Plaintiff,

v.                                                                     Case No. 14-10100

UNITED STATES OF AMERICA,                  HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY
SANCTION OF DISMISSAL (Doc. 14)
AND LIMITING PLAINTIFF'S PROOFS AT TRIAL**

I.  Introduction

This is a case seeking judicial review of a final agency decision by the United States Department of Agriculture suspending plaintiff O&B, Inc. (O&B) from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) for three (3) years.

Before the Court is the government's Motion for Discovery Sanction of Dismissal on the grounds that O&B has failed to comply with discovery. The government says that dismissal is the only appropriate remedy as a result of O&B's non-compliance.

The Court held a hearing on the motion on November 12, 2014, at which time it cautioned counsel for O&B that is must comply with discovery or the Court may impose sanctions, including dismissal.

Thereafter, the parties filed supplemental papers. The matter is now ready for decision. For the reasons that follow, the motion is DENIED. However, O&B is limited

to its proofs at trial as described below.

## II.  Background

### A.  In General

Congress established the Food Stamp Program, now known as SNAP, to provide for the nutrition of the underprivileged and to strengthen the nation's agricultural economy.  See 7 U.S.C. § 2011.  The Department of Agriculture (USDA) has been authorized to "formulate and administer" SNAP.  7 U.S.C. § 2013(a).  To oversee this program, the USDA is obligated to disqualify retailers "when there is evidence that the store or concern is not adhering to the requirements established in the [Food Stamp Act]." S. Rep. 88-1124, at 15 (1964), as reprinted in 1964 U.S.C.C.A.N. 3275, 3291.

### B.

On January 9, 2014, O&B filed a complaint challenging the three-year withdrawal of its authorization to participate in SNAP.  The Food and Nutrition Service (FNS) of the USDA withdrew the authorization of O&B under 7 C.F.R. § 278.1(l)(1)(iv)  because of the involvement of a previously disqualified individual in the business.

Thus, a key issue in the case is the nature of the relationship among O&B, the plaintiff-corporation, its purported owner (Kamal Berro), and the previously disqualified relative and prior owner who still works at the store (Oussama Berro).  In investigating the complaint, the government believes that the two Berros may also be the sole members of a limited liability company, O&KB, LLC, which seems to lease property to O&B.

On April 17, 2014, the government served O&B with written discovery in the form of requests for production and interrogatories.

As of June 4, 2014, despite an extension of time, O&B had not provided any responses.

On June 11, 2014, O&B provided its discovery responses.  O&B did not object to any of the government's discovery requests.  However, the government says its responses were not complete.

In its document request, the government asked for a variety of documents, including leasing, sale, and mortgage records and articles of incorporation and business records for Plaintiff-corporation and another business entity owned by both Berros, which ostensibly leases property to the store.

O&B responded that it "[w]ill provide" materials to nine of Defendant's requests for production.  To four other requests, O&B gave no response at all.  According to the government, O&B did not meaningfully respond to 13 of 23 requests for production.

In its interrogatories, the government asked about a variety of information, including about its corporate ownership and officers, banking, and payments on the purchase of the corporation and on its lease.  For several interrogatories, O&B responded with "see attached" (or some variant), although no records were attached.

In response to interrogatories about contact information for its employees and possible witnesses, O&B provided no contact information. When asked for banking information, O&B gave only the names of two financial institutions, but no account information.  When asked for information about its payment history on its real estate lease and the purchase of O&B, O&B responded simply, "Mortgage Default."

The government did not seek the Court's intervention after being provided with O&B's responses.  Instead, the government and O&B agreed to extend discovery due

3

to O&B's incomplete discovery responses. On June 16, 2014, the Court entered an order extending discovery to August 29, 2014. The order states in pertinent part:

> That [the government's] ability to prepare and defend its case is compromised by not having responses to [O&B's] still-outstanding discovery;
> . . . .
> it is hereby **ORDERED** that [O&B] must **PRODUCE** complete responses to ]the government's] Interrogatories and . . . Requests fo Production of Documents and Things, on or by **June 27, 2014.**

(Doc. 12, emphasis in original)

June 27, 2014 came and went and O&B did not provide the requested information. On July 2, 2014, O&B provided a variety of tax returns, but nothing more.

The government requested a conference with the Court before filing a discovery motion. At a conference with the parties on July 15, 2014, the government objected that O&B had not complied with the stipulated order to provide complete discovery. The Court's notes indicate that at the conference it directed O&B supplement its discovery responses within 30 days, i.e. by August 15, 2014.

On August 22, 2014, having received no additional information from O&B, the government filed the instant motion. The government says it was scheduled to depose Kamal Berro and Oussama Berro on August 28, 2014, albeit without the benefit of complete written discovery responses.

As noted above, on November 12, 2014, the parties appeared for a hearing on the government's motion. At the hearing, counsel for O&B was formally put on notice that it must respond to the discovery or the case may be dismissed.

On December 12, 2014, O&B filed a supplemental response to the government's motion. (Doc. 19). O&B asserts that it has met the discovery requirements to the extent

4

possible. O&B also states that instead of imposing the extreme sanction of dismissal that O&B be limited at trial as follows:

> Prohibiting [O&B] from supporting any claim that (1) the agency had no evidence of a SNAPP violation or that no violation occurred; (2) Oussama Berro had no ownership interest in O&B, Inc.; or (3) he had no managerial involvement in O&B, Inc.

(Doc. 19 at p. 2).

The government filed a reply. (Doc. 20). The government continues to maintain that dismissal is an appropriate sanction. However, it also says that if the Court concludes otherwise, it agrees with O&B's proposal to limit its proofs at trial.

### III.  Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to make Rule 26(a)(1) disclosures, Rule 37(c)(1), or failure to respond to written discovery requests or to attend one's own deposition, Rule 37(d)(1). A court has wide discretion in determining an appropriate sanction under Rule 37. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). The exercise of the court's discretion must be informed by four factors:

> "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered."

Doe v. Lexington–Fayette Urban County Government, 407 F.3d 755, 765–66 (6th Cir. 2005) (quoting Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)). See also Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir. 1985) ("Dismissal of action

for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.").

## IV.  Analysis

Here, O&B has disregarded two court orders, one entered on the docket and one verbally issued directly to its counsel at a status conference.  The Court is mindful of the government's position and frustration.  However, dismissal of a case for failing to comply with discovery is a severe sanction.  The Court finds that O&B's proposal to limit its trial proofs appropriate under the circumstances.  Accordingly, the government's motion is DENIED.  However, O&B is expressly prohibited at trial from supporting any claim that (1) the agency had no evidence of a SNAPP violation or that no violation occurred; (2) Oussama Berro had no ownership interest in O&B, Inc.; or (3) he had no managerial involvement in O&B, Inc.

The Clerk shall schedule a status conference to chart the course for trial.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2015
       Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 5, 2015, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160